ROGER LAUDATI, INC. *vs.* GIUSEPPE LIBERATORE *et al.*

MARCH 27, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is an action in assumpsit to recover for lumber used in the construction of a house for the defendants. The trial in the Superior Court resulted in a verdict for the plaintiff for $2,466.61, and the case is here on defendants' exceptions; (1) to the admission of evidence, (2) to the denial of the defendants' motion for a new trial.

The defendants contracted with one Marzano to build for an agreed price a house for them. Marzano, the contractor, exhibited the plans for the house to the plaintiff, a lumber dealer, and it was agreed between the contractor and the plaintiff that the latter would furnish the necessary lumber for $1,790. The plaintiff was told by the contractor that the defendants would pay for the lumber from the proceeds of a mortgage taken by the Old Colony Coopera-

tive Bank. The agreed amount of lumber was delivered and used in the construction of the house. More lumber being required by reason of a change in said plans, the plaintiff thereafter delivered other lumber which was used in completing the house. The value of all of the lumber delivered was $2,255. The lumber was charged to the contractor. Three times the contractor abandoned work on the house, and each time, at the request of the defendants, Mr. Laudati, the plaintiff's treasurer, induced the contractor to resume the work. The plaintiff gave written notice to the defendants of intention to prosecute a lien. Mr. Laudati testified that the defendants requested him not to cause additional expense by perfecting the lien and promised to pay for the lumber provided he acceded to this request. No steps were taken to perfect the lien.

The issue at the trial was whether the defendants promised to pay for the lumber in consideration that the plaintiff abandon the notice to establish a lien. The defendants denied making such promise and contended that they owed nothing to the plaintiff.

The defendants took exception to the admission of testimony of said Laudati that defendant Giuseppe Liberatore offered the witness $1,800 to settle the claim. As the defendants denied all liability this offer of compromise was prejudicial error. *Draper* v. *Horton*, 22 R. I. 592; *Daniels* v. *Town of Woonsocket*, 11 R. I. 4; *Salter* v. *R. I. Co.*, 27 R. I. 27; *Wrynn* v. *Downey*, 27 R. I. 454; *Whitlock* v. *Mungiven*, 36 R. I. 386; 22 C. J. 308.

We regret the necessity of sending the case back for a new trial. However, the witness, counsel for the plaintiff and the court had ample notice that defendants objected to all testimony to the effect that an offer of compromise had been made. Said exception is sustained.

All other exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*George F. Troy*, for plaintiff.

*Joseph Veneziale, William C. H. Brand*, for defendant.